B139

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 2:24-cr-164 |
| | ) | (21 U.S.C. § 846) |
| v. | ) | |
| | ) | [UNDER SEAL] |
| CHRISTIAN FRIERSON | ) | |
| DEVAIL ADAMS | ) | |
| CHRISTOPHER BARTON | ) | |
| PATRICK BROWN | ) | |
| ROY BROWN | ) | FILED |
| FRANK CHRISTIAN | ) | |
| TYRONE DAVIS | ) | JUL 30 2024 |
| EDWARD DIETRICH | ) | |
| ALEXIS DONNELL | ) | CLERK U.S. DISTRICT COURT |
| DEDRIC HIGGINBOTHAM | ) | WEST. DIST. OF PENNSYLVANIA |
| KIARA JONES | ) | |
| QUINTEN JONES | ) | |
| KENNETH KING | ) | |
| JERMAINE LETT | ) | |
| MARCUS MASON | ) | |
| DANIEL RASNICK | ) | |
| KENDRA SAGER | ) | |
| JAUAN SEARCY | ) | |
| GEORGE WYATT | ) | |

**INDICTMENT**

**COUNT ONE**

The grand jury charges:

From in and around August 2023, to in and around July 2024, in the Western District of Pennsylvania and elsewhere, the defendants, CHRISTIAN FRIERSON, DEVAIL ADAMS, CHRISTOPHER BARTON, PATRICK BROWN, ROY BROWN, FRANK CHRISTIAN, TYRONE DAVIS, EDWARD DIETRICH, ALEXIS DONNELL, DEDRIC HIGGINBOTHAM, KIARA JONES, QUINTEN JONES, KENNETH KING, JERMAINE LETT, MARCUS MASON, DANIEL RASNICK, KENDRA SAGER, JAUAN SEARCY, GEORGE

WYATT, did knowingly, intentionally, and unlawfully conspire with each other, and with persons both known and unknown to the grand jury, to distribute and possess with intent to distribute Schedule I and II controlled substances, including (1) 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2- phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance; (2) 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; (3) 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; and (4) a quantity of a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi), 841(b)(1)(A)(ii), 841(b)(1)(B)(i), and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## NOTICE OF SPECIAL FINDINGS

The grand jury further finds:

1. As to Count One of this Indictment, defendant CHRISTIAN FRIERSON:

    (a) was previously convicted on or about July 6, 2010, in the Michigan 31st Circuit Court (St. Clair County), at Case Number 10-000920-FH, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver, a Controlled Substance, in violation of M.C.L.A. 333.7401(2)(a)(iv) (a serious drug felony under 21 U.S.C. § 802(57));

    (b) served a term of imprisonment of more than 12 months for this conviction; and

    (c) was released from any term of imprisonment for this conviction within 15 years of the commencement of the crime charged in Count One of this Indictment.

2. As to Count One of this Indictment, defendant DEVAIL ADAMS:

    (a) was previously convicted on or about November 30, 2009, in the Michigan 31st Circuit Court (St. Clair County), at Case Number 09-001671-FH, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver, a Controlled Substance, in violation of M.C.L.A. 333.7401(2)(a)(iv) (a serious drug felony under 21 U.S.C. § 802(57));

    (b) served a term of imprisonment of more than 12 months for this conviction; and

    (c) was released from any term of imprisonment for this conviction within 15 years of the commencement of the crime charged in Count One of this Indictment; and

    (d) was previously convicted on or about September 4, 2012, in the Michigan 31st Circuit Court (St. Clair County), at Case Number 12-001201-FH, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver, a Controlled

Substance, in violation of M.C.L.A. 333.7401(2)(a)(iv) (a serious drug felony under 21 U.S.C. § 802(57));

    (e) served a term of imprisonment of more than 12 months for this conviction; and

    (f) was released from any term of imprisonment for this conviction within 15 years of the commencement of the crime charged in Count One of this Indictment.

  3. As to Count One of this Indictment, defendant FRANK CHRISTIAN:

    (a) was previously convicted on or about August 1, 2003, in the United States District Court for the Western District of Pennsylvania, at Criminal Number 02-191, of the crime of Distribution, and Possession with Intent to Distribute, Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) (a serious drug felony under 21 U.S.C. § 802(57));

    (b) served a term of imprisonment of more than 12 months for this conviction; and

    (c) was released from any term of imprisonment for this conviction within 15 years of the commencement of the crime charged in Count One of this Indictment; and

    (d) was previously convicted on or about July 9, 2019, in the United States District Court for the Western District of Pennsylvania, at Criminal Number 18-228, of the crime of Distribution, and Possession with Intent to Distribute, Heroin, in violation of 21 U.S.C. § 841(a)(1) (a serious drug felony under 21 U.S.C. § 802(57));

    (e) served a term of imprisonment of more than 12 months for this conviction; and

    (f) was released from any term of imprisonment for this conviction within 15 years of the commencement of the crime charged in Count One of this Indictment.

4.  As to Count One of this Indictment, defendant GEORGE WYATT:

(a)  was previously convicted on or about April 29, 2016, in the Lawrence County (Pennsylvania) Court of Common Pleas, at Case Number 638-2015, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver, a Controlled Substance, in violation of 35 P.S. § 780-113(a)(30) (a serious drug felony under 21 U.S.C. § 802(57));

(b)  served a term of imprisonment of more than 12 months for this conviction; and

(c)  was released from any term of imprisonment for this conviction within 15 years of the commencement of the crime charged in Count One of this Indictment.

## FORFEITURE ALLEGATIONS

1.      The United States hereby notifies the defendants that, upon their conviction for the offense charged in this Indictment, the United States will seek forfeiture pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p); and Title 28, United States Code, Section 2461(c); that require any defendant convicted of committing such an offense to forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, from the commission of such an offense, and any property used, or intended to be used, in any manner to commit, or to facilitate the commission of, such an offense.

2.      If, through any act or omission by the defendants, any or all of the proceeds and property referenced in paragraph one above (hereinafter "the Subject Property"):

   a.   Cannot be located upon the exercise of due diligence;

   b.   Has been transferred, sold to, or deposited with a third person;

   c.   Has been placed beyond the jurisdiction of the Court;

   d.   Has been substantially diminished in value; or

   e.   Has been commingled with other property which cannot be subdivided without difficulty,

the United States intends to seek forfeiture of any other property, proceeds, or funds of the defendants up to the value of the Subject Property referenced above pursuant to Title 21, United

States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).

                                                  A True Bill,

                                                  _____
                                                  FOREPERSON


_____
ERIC G. OLSHAN
United States Attorney
IL ID No. 6290382


_____
CRAIG W. HALLER
Assistant U.S. Attorney
PA ID No. 87714