IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:24-cr-164-2 |
| ) | |
| v. ) | |
| ) | Judge Robert J. Colville |
| ) | |
| DEVAIL ADAMS ) | |

**MEMORANDUM ORDER OF COURT**

Robert J. Colville, United States District Judge

    Before the Court is a Motion to Revoke Detention Order (ECF No. 537) filed by Defendant Devail Adams. Defendant is charged by way of a Superseding Indictment (ECF No. 345) with: (1) Count 1 – conspiracy to distribute at least 400 grams of fentanyl, 5 kilograms of cocaine, 100 grams of heroin, and a quantity of oxycodone; and (2) Count 2 – conspiracy to launder drug trafficking proceeds. The Government moved for Defendant's detention pursuant to 18 U.S.C. § 3142(e) and (f), and asserted that a rebuttable presumption in favor of detention arose under 18 U.S.C. § 3142(e)(3). ECF No. 173. Defendant initially waived his right to a detention hearing, ECF No. 227, before eventually requesting that one be scheduled.

    A detention hearing was held before the Honorable Christopher B. Brown on February 11, 2025. At the conclusion of the hearing, Judge Brown ordered that the Defendant remain detained pending trial. ECF No. 524. Judge Brown found that the Defendant had not introduced sufficient evidence to rebut the presumption in favor of detention, and he ordered detention on that basis. In addition to the findings discussed on the record, Judge Brown found the following to support Defendant's detention in this matter: (1) "the weight of the evidence against the defendant is strong"; (2) "[defendant is] subject to lengthy period of incarceration"; (3) "[defendant's] prior

1

criminal history"; (4) "participation in criminal activity while on probation, parole, or supervision"; (5) "history of violence or use of weapons." *Id*.

On February 24, 2025, Defendant filed his Motion to Revoke Detention Order. Defendant seeks revocation of Judge Brown's Order of Detention, arguing that he presented sufficient evidence at the detention hearing to rebut the presumption that he is a flight risk and a danger to the community, and because the Government failed to introduce sufficient evidence to carry its burden of establishing that detention is warranted. Defendant further asserts that a combination of conditions of release can be imposed in this case that will reasonably assure Defendant's appearance in this case and the safety of other individuals or the community, specifically suggesting the imposition of a home detention with location monitoring condition. The Government filed a Response (ECF No. 540) on February 27, 2025. Defendant filed a Reply (ECF No. 553) on March 10, 2025. The Transcript (ECF No. 554) of the detention hearing was filed on March 11, 2025. Accordingly, the Motion to Revoke Detention Order has been fully briefed and is ripe for disposition.

With respect to review of a magistrate judge's detention order, 18 U.S.C. § 3145(b) provides:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). Section 3145(c) provides:

> (c) Appeal from a release or detention order. -- An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate

conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). The Court further notes that:

[A detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

A district judge exercises de novo review over a detention order entered by a magistrate judge. *United States v. Delker*, 757 F.2d 1390, 1394-95 (3d Cir. 1985). "De novo review does not require an additional evidentiary hearing[,]"and the district court "may make its independent determination based solely upon the evidence introduced at the prior hearing."[1] *United States v. Burgess*, No. 2:09-CR-150, 2009 WL 2038148, at *2 (W.D. Pa. July 8, 2009) (citations omitted). A district court may further incorporate the transcript of the hearing before the magistrate judge, including any exhibits admitted therein. *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994). The district court "may also consider any additional evidence or proffers submitted in conjunction with any supplemental proceedings." *Burgess*, No. 2:09-CR-150, 2009 WL 2038148, at *2 (W.D. Pa. July 8, 2009) (quoting *United States v. Farris*, 2008 WL 1944131, *7 (W.D. Pa. 2008)).

The Bail Reform Act of 1984 provides that a judicial officer must order the pretrial release of a defendant on personal recognizance, or upon execution of an unsecured appearance bond, unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community. 18

---

[1] Because the record was fully developed before Judge Brown, and because this Court is not required to conduct an additional hearing, the Court denies Defendant's request that this Court schedule a hearing on Defendant's Motion.

U.S.C. § 3142(b). If, following a hearing, the judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).

Where the judicial officer finds that there is probable cause to believe that a defendant has committed certain offenses, there exists a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). To rebut this presumption, a defendant "must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (citing *United States v. Jessup*, 757 F.2d 378 (1st Cir.1985)). "The burden of persuasion does, however, remain always with the government." *United States v. Yarbough*, No. 2:14-CR-270-11, 2014 WL 7343839, at *2 (W.D. Pa. Dec. 23, 2014) (citing *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986); *United States v. Perry*, 788 F.2d 100, 115 (3d Cir. 1986)). The defendant's burden of production in rebutting the presumption is relatively light and has been construed as easy to meet. *Chagra*, 850 F. Supp. at 357 (citing *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)). If the defendant rebuts the presumption, the Government is required to prove: (1) that the defendant is a danger to the safety of any other person and the community by clear and convincing evidence; or (2) that the defendant poses a risk of flight by a preponderance of the evidence. *Id*.

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, a judicial officer must consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

As noted, the Government's burden in establishing risk of flight is preponderance of the evidence. *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986). Where danger to the community is at issue, the Government must prove that no condition or combination of conditions will reasonably assure the safety of any other person and the community by clear and convincing evidence. *Himler*, 797 F.2d at 160-61.

After review of the relevant docket entries, the transcript of the detention hearing, the exhibits admitted therein, and the pretrial services report, the Court finds that there is no basis to disturb the Order of Detention in this matter, or to otherwise reopen the detention hearing. The Court agrees wholeheartedly with Judge Brown's statement that: "It's not often I say this, but I find the presumption has not been rebutted in this instance." ECF No. 554 at 37:6-8. Quite simply, the relevant factors weigh overwhelmingly in favor of detention, and Defendant has introduced

5

exceptionally little evidence to support his contention that he will appear and will not pose a threat to the community. Even if he had overcome the rebuttable presumption, it is beyond question that the Government met its burden of establishing that Defendant poses: (1) a danger to the safety of any other person and the community by clear and convincing evidence; and (2) a flight risk by a preponderance of the evidence.

Initially, based upon the grand jury's return of the Superseding Indictment in this matter, the Court finds that there is probable cause to believe that Defendant committed the offenses with which he is charged in the Superseding Indictment. *See Suppa*, 799 F.2d at 119 (holding that "the indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under § 3142(e)"). There is a presumption of detention in cases, such as this one, where there is probable cause to believe that the defendant committed a violation of the Controlled Substances Act that is punishable by ten or more years of incarceration. *See* 18 U.S.C. § 3142(e)(3)(A). If a defendant rebuts the presumption, the presumption "does not disappear from the case." *Chagra*, 850 F. Supp. at 358. "Rather, 'it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Id.* (quoting *Dominguez*, 783 F.2d at 707).

After considering the record evidence, including the presumption, and balancing the factors set forth at 18 U.S.C. § 3142(g), the Court finds that Defendant has not rebutted the presumption, and, in any event, that there is no condition or combination of conditions of release that can be imposed in this case that will reasonably assure Defendant's appearance in this case and the safety of other individuals or the community. For these reasons, the Court will deny Defendant's Motion to Revoke Detention Order, and offers the following analysis:

### A. Nature and Circumstances of the Offenses Charged

Defendant has been charged in this matter with conspiracy to distribute large quantities of dangerous controlled substances, including fentanyl, cocaine, heroin, and oxycodone. He is further charged with conspiracy to launder the proceeds of drug trafficking. Accordingly, Defendant has been charged with very serious controlled substance offenses involving very dangerous and addictive drugs, and does not, in any material way, dispute the seriousness of these charges. As noted by Judge Brown, Defendant faces a mandatory minimum sentence of ten years and a potential maximum sentence of life imprisonment if convicted at Count 1. The serious nature of the offenses charged weighs in favor of pretrial detention.

### B. Weight of the Evidence

The weight of the evidence is strong, as reflected by the grand jury's return of the Superseding Indictment in this case which establishes probable cause that the offenses occurred. *See United States v. Araiza-Vega*, No. CR 20-218, 2020 WL 6546136, at *6 (W.D. Pa. Nov. 6, 2020). During the detention hearing, the Government offered the testimony of FBI Agent Melissa Zundel as to her involvement in the investigation in this case, including monitoring wiretaps and reviewing intercepted communications. Upon review of the transcript of the detention hearing and the relevant exhibits, the Court agrees with Judge Brown that wiretap evidence can be very strong, and that the evidence against Defendant is strong. Accordingly, while recognizing that Defendant is presumed innocent of the charged offenses, the Court finds that the weight of the evidence against Defendant is strong and weighs in favor of pretrial detention in this matter.

### C. History and Characteristics of the Person

The Court agrees with Judge Brown's analysis as to this factor, and further agrees that it weighs in favor of pretrial detention in this matter. Defendant is a 55-year-old, lifetime Michigan resident, though the Court acknowledges that evidence has been introduced that Defendant has

spent a significant portion of his time in Western Pennsylvania over the last two years, allegedly in support of his alleged drug trafficking activity.  The Government also introduced evidence that Defendant participated in a call wherein he discussed the possibility of a Co-Defendant, Defendant's son, going on the run while on release on bond.  The same supports a conclusion that Defendant is a flight risk.

Defendant has community ties to the Port Huron, Michigan community.  Defendant's wife is willing to serve as third-party custodian for the Defendant.  "[T]he mere fact that a relative or other individual is willing to serve as a third party custodian for a defendant is not sufficient to justify release on such conditions but is among the factors to be considered when evaluating whether release or detention is appropriate in a given case." *United States v. Bey*, Crim. No. 15-87, 2015 WL 7176340, at *5 (W.D. Pa. Nov. 13, 2015) (citing *United States v. Bratcher*, Crim. No. 14–28, 2014 WL 1371582 (W.D. Pa. Apr.8, 2014) (Conti, C.J.)).  Although others may be well-intentioned, the mere fact that they are willing to serve as a third-party custodian does not establish that they could adequately supervise a defendant who is charged with serious drug-related offenses, or monitor the defendant's behavior so as to comply with court orders.  Based on the record in this case, the Court is of the mind that no third-party custodian could adequately supervise this Defendant.

Defendant has reported a history of employment, but, as Judge Brown noted, "the government disputes at least periods of that work history based on their evidence with pole cameras and phone calls and GPS E911 data placing [Defendant] in the Western District of Pennsylvania."  ECF No. 554 at 35:15-18.  Defendant has a lengthy, significant, and, frankly, troubling criminal history, which spans his entire adult life.   His prior convictions include crimes of violence such as    Assault    with    Intent    to    Murder,    Escape    from    Jail    through    Violence,    and

Assaulting/Resisting/Obstructing of a Police Officer. While remote in time, these convictions, coupled with the evidence introduced by the Government that Defendant encouraged and sought the use of violence while allegedly participating in the conspiracy in this case, evidence that Defendant is a danger to the community and persons in the community. As noted by Judge Brown, Defendant has numerous prior controlled substance offense convictions, and was on probation for drug offenses in two different states at the time the instant offenses took place. The Court, like Judge Brown, finds this fact extremely relevant to whether there exist conditions that can ensure the safety of the community and Defendant's appearance. Defendant also has prior failures to appear in his record, further evidencing flight risk. The Court finds that Defendant's robust criminal history suggests that he may not comply with conditions of release imposed by the Court, and risk of recidivism while on pretrial release is a concern.

Defendant reported no history of substance abuse or mental health conditions/treatment, and further reported being in good physical health. I note that Probation has recommended detention.

In light of the above, the Court finds that the totality of Defendant's history and characteristics strongly indicate that Defendant's release poses a legitimate risk of nonappearance and a danger to the community, and the Court thus finds that this factor weighs in favor of pretrial detention.

### D. Nature and Seriousness of the Danger to Any Person or the Community

Given the nature of the charges in this case, Defendant poses a danger to the community. Drug trafficking poses a substantial risk of harm to the community, particularly the trafficking of very dangerous drugs like those at issue in this case. *United States v. Atkins*, Crim. No. 15-87, 2015 WL 4920831 at *7 (W.D. Pa. Aug. 18, 2015) (citing *United States v. Gibson*, 481 F.Supp.2d

419, 423 (W.D. Pa. 2007) ("violence is not the only danger to the community this court must consider. The court must also consider the danger of trafficking in illicit drugs.")). Further, as noted, Defendant has prior convictions for crimes of violence, and the Government introduced evidence that he encouraged the use of violence against others during his participation in the conspiracy at issue in this case. The Court finds that the nature and seriousness of the danger to any person or the community that would be posed by the person's release factor weighs heavily in favor or pretrial detention.

Defendant fails to provide a sufficient basis for this Court to either revisit Judge Brown's Order of Detention or reopen the detention hearing. For the reasons discussed above, following de novo review of the evidence of record and balancing of the factors set forth in 18 U.S.C. § 3142(g), the Court finds that Defendant has not overcome the rebuttable presumption in favor of detention set forth at 18 U.S.C. § 3142(e)(3). Even if he had rebutted the presumption, the Government has proven by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. The Court further finds that the Government has met its burden of establishing, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. While the Court may reopen a detention hearing under 18 U.S.C. § 3142(f), Defendant's Motion does not set forth a sufficient basis to warrant such relief. Defendant's Motion to Revoke Detention Order is denied.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: April 3, 2025

cc: All counsel of record